## BECKMAN vs NEW-ORLEANS COTTON PRESS CO.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a person is employed by the year, he cannot quit the service of his employer, without forfeiting his salary, nor can he be dismissed *ad libitum,* and thereby be deprived of it.

So, where the plaintiff was employed by the year, to superintend a cotton press, at a fixed salary, and after his year had commenced, was dismissed, because he refused to submit to a diminution of his salary : *Held,* that he was entitled to recover it for the entire year.

EASTERN DIST.
*March*, 1838.
────────
BECKMAN
*vs.*
N. O. COTTON
PRESS CO.

This is an action instituted by the plaintiff, to recover a year's salary from the defendants, as superintendent of the New-Orleans Cotton Press.

The plaintiff alleges, that he was engaged by the company to superintend their cotton press, at an annual salary of four thousand dollars, to commence on the 1st January, 1833; that in pursuance of said engagement, he faithfully and zealously discharged the duties imposed on him, and continued in the faithful discharge of them, until about the 27th February, 1835, at which time the defendants, illegally and without cause, discharged him. He, therefore, claims his salary for the entire year, (1835,) for which he prays judgment.

The defendants denied that the plaintiff was employed at the annual salary claimed by him; but expressly aver, that at the expiration of his employment in 1834, the board of directors fixed his salary for the year 1835, and following, at two thousand dollars per annum, which was notified to the plaintiff, who quit the employment of the company soon after, without any just cause, and is not entitled to any compensation.

Upon these pleadings and issues the parties went to trial.

The evidence showed, that on the 9th May, 1832, the defendants being then a private company, proceeded to elect their officers, and the plaintiff was appointed superintendent, without any fixed salary or term of office. On the 4th of June following, the salary was fixed at four thousand dollars per annum, payable quarterly, and to begin the 1st day of January, 1833. The plaintiff continued in the employment of the company, and received his salary regularly during the year 1833. On the 15th February, 1834, the defendants were incorporated by an act of the legislature, and the company re-organized. On the 18th February, the plaintiff was unanimously re-elected superintendent. On the 24th of the same month, upon the report of a committee previously appointed, the board of directors passed resolutions fixing the salary of the superintendent at two thousand dollars per annum, to commence back on the 17th day of the

month, and declaring that in future the superintendent should
hold his office during their good pleasure. On being notified
of these proceedings, the plaintiff informed the defendants he
would consider himself in office under his former appoint-
ment and salary, until the end of the year. To this the
president of the company replied, that he considered the
plaintiff's letter as a resignation. The latter replied, that he
did not intend to resign ; and a meeting of the board was
held on the 27th February, at which the plaintiff was dis-
charged, and ordered to surrender up the books and papers
of the office.

On this evidence, the parish judge was of opinion, the law
was in favor of the plaintiff, and judgment was rendered for
the amount of the year's salary, to wit : four thousand
dollars. The defendants appealed.

*Hoffman* and *Roselius*, for the plaintiff.

*Lockett, contra.*

*Bullard, J.,* delivered the opinion of the court.

In this case, the plaintiff claims his salary and emoluments
for one year, as the superintendent of the defendants' cotton
press establishment.

Whether we consider the plaintiff's term of service, as
commencing on the 1st of January, or the 18th of February,
it does not vary the principles involved in this controversy.
He was dismissed on the 27th of February, and at that time
he was certainly in the employment of the defendants, at a
fixed salary for the current year.

Being employed by the year, he could not quit the service
of the company without forfeiting his salary, nor could he
be dismissed *ad libitum*, and thereby deprived of it. The
case seems clearly provided for by articles 2719, '20 and '21,
of the Louisiana Code.

This court has thought, that by analogy, the case of
attorneys and counsellors at law, employed by the year, was
governed by the same rule, rather than to place them in the
category of menial servants. 8 *Louisiana Reports*, 180.

Where a per-
son is employed
by the year, he
cannot quit the
service of his
employer, with-
out forfeiting his
salary, nor can
he be dismissed
*ad libitum*, and
thereby be de-
prived of it.

There only remains, therefore, a question of fact, to wit : at what period did the plaintiff's term of service commence? The only difficulty in the case, has arisen from the fact, that when the plaintiff was first employed, the company had not been incorporated, but the same persons who are now corporators, were then bound together only by private association. After they had acquired, however, a coporate name and capacity, it appears that the plaintiff was paid his salary quarterly, commencing on the first of January, which had been previously fixed upon as the commencement of his term, and that after the incorporation, the plaintiff was re-elected without any change either of term or salary. The corporation must, therefore, be considered, as having adopted the contracts of the persons who had previously composed the association. We think the court below did not err in considering the plaintiff as validly employed for one year, from the 1st of January, 1835, and that his refusal to submit to a diminution of his salary for any part of the current year, was not a good cause for his dismissal.

So, where the plaintiff was employed by the year to superintend a cotton press at a fixed salary, and after his year had commenced, was dismissed, because he refused to submit to a diminution of his salary : *Held,* that he was entitled to recover it for the entire year.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.